**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Thompson, individually and as guardian of Gabriella Thompson, Matthew Thompson, Marcus Thompson, Michael Thompson; and the Thompson Group, P.C., an Arizona professional corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>George Paul and Karen Paul, husband and wife; Tom Morgan; Scott Dewald and Deborah Jamieson, husband and wife; Lewis and Roca, LLP, An Arizona limited liability partnership; and Capitol Detective Agency, Inc., an Arizona corporation,<br><br>    Defendants. | No. CIV-05-0990-PHX-MHM<br><br>**ORDER** |

Currently, before the Court is Plaintiff's Motion for reconsideration (Dkt. #35) and Defendant Lewis & Roca, LLP's Motion to Strike the declaration of Carol M. Langford. (Dkt #43). After reviewing the papers and determining oral argument is not necessary, the Court issues the following Order.

**I.    Factual Background**

On December 5, 2005, this Court issued an order granting in part and denying in part Defendants' Motion to dismiss Plaintiff's claims. Specifically, this Court ordered that dismissal with prejudice was proper regarding Plaintiff's claims of: (1) Violation of Section 10(b) of the Securities and Exchange Act; (2) Fraudulent Misrepresentation; (3) Negligent

Misrepresentation; (4) Third Party Professional Negligence; and (5) Tortious Interference with Contractual Relations. Further, the Court dismissed without prejudice Plaintiff's claims of: (6) Abuse of Process; (7) Wrongful Institution of Legal Proceedings; and (8) Negligent Infliction of Emotional Distress. The Court denied Defendant's Motion to Dismiss regarding Plaintiff's Intentional Infliction of Emotional Distress claim. Lastly, the Court held that "in the interests of judicial economy, convenience, fairness, and comity, on balance, favor declining to exercise supplemental jurisdiction over the remaining state law claims pursuant to this Court's discretion under 28 U.S.C. § 1367(c)." Plaintiff now takes issue with the Court's ruling and requests reconsideration regarding its ruling on Plaintiff's claims arising out of the alleged fraudulent statements made by Defendant Lewis & Roca. These include Plaintiff's claims based upon Section 10(b), fraudulent misrepresentation, negligent misrepresentation and third party professional negligence. Specifically, Plaintiff contends that the Court's ruling addressing these claims involves a "novel" issue that calls for reconsideration as well as certification of this issue to the Arizona Supreme Court pursuant to A.R.S. § 12-1861. The "novel" issue being: "whether a lawyer is prohibited from making a material misrepresentation to the opposing party during settlement negotiations, and whether the opposing party has the right to rely on that representation."

Plaintiff's motion is denied for two reasons: (1) this issue has already been addressed by the Court and (2) Plaintiff's motion is without merit.

**II.     Analysis**

    **A.     Standard For Reconsideration**

Motions for reconsideration are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied,114 S.Ct. 2742 (1994). Motions for Reconsideration are not the place for parties to make new arguments not raised in their original briefs. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood

1  Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is it the time to ask the Court to
2  rethink what it has already thought. Id. (citing United States v. Rezzonico, 32 F.Supp.2d
3  1112, 1116 (D.Ariz.1998).  Accordingly, courts grant such motions only in rare
4  circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09
5  (D.Ariz.1992).

### B.   Plaintiff Requests The Court To Rethink What It Has Already Thought

Plaintiff requests this Court reconsider its ruling relating to Plaintiff's claims based upon the alleged fraudulent statements of Defendant Lewis & Roca on the basis that there is no controlling law on point addressing this issue. However, this argument is misplaced. This Court, in its December 5, 2005 clearly laid out the relevant controlling law that is dispositive of the issue. Specifically, that an adverse party does not have any actionable fraud claim based upon allegedly false statements by opposing counsel. The Court cited several controlling cases that stand for this proposition. See Linder v. Brown & Herrick, 189 Ariz. 398, 405, 943 P.2d 758, 765 (Ariz. Ct. App. 1997) (holding that "as a matter of law and common sense," opposing client has no right to rely on statements made by the opposing attorneys); Wetherill v. Basham, 197 Ariz. 198, 208, 3 P.3d 1118, 1128, (Ariz. Ct. App. 2000) (stating an adverse party is not an intended beneficiary of the adverse counsel's client.); see also Lewis v. Swenson, 126 Ariz. 561, 564, 617 P.2d 69, 72 (Ariz. Ct. App. 1980) (internal quotation omitted) (holding that an imposition of a duty to an individual, other than an "intended beneficiary" would offend public policy by "plac[ing] an attorney in a position where his own interests would conflict directly with his client's interests."). Thus, this Court has already addressed this issue based upon controlling law, thereby, making Plaintiff's request improper.

### C.   Plaintiff's Motion Is Without Merit

Even if Plaintiff's Motion for reconsideration were somehow proper before the Court it is clear that it does not call for the Court to reconsider or certify this issue to the Arizona Supreme Court pursuant to A.R.S. § 12-1861. As noted above, there is controlling case law addressing the alleged "novel" issue raised by Plaintiff. Plaintiff's argument seems to be

based upon the misconception that if there is an applicable ethical issue invoked by an attorney's conduct then a related civil action may be brought.[1] That simply is not the case as the ethical rules governing attorneys and civil liability are separate and distinct. See Smart Indus. Corp. Mfg., v. Superior Court 179 Ariz. 141, 145, 876 P.2d 1176, 1180 (App. 1994) (stating that ethical rules are not considered to be a basis for civil liability). Thus, as stated in the Court's Order, Plaintiff's action based upon the alleged unethical conduct of Defendant Lewis and Roca before this Court is misplaced.

**D.   Certification Would Be Improper**

Plaintiff, after this Court has already issued its adverse ruling on these claims and determining not to retain jurisdiction over this matter, requests this Court to certify this "novel" issue to the Arizona Supreme Court. This request is improper for two reasons. First, A.R.S. 12-1861 relates to matters "then pending in the certifying court." Here, this Court has already issued its ruling regarding this issue and has further declined to exercise jurisdiction over this matter. As such, Plaintiff's Motion is not timely. Second, even if Plaintiff's Motion were timely, certification under A.R.S. § 12-1861 is only applicable where "there is no controlling precedent in the decisions of the [Arizona] supreme court and the intermediate appellate courts of this state." Again, as noted above, there is controlling precedent on the very issue that Plaintiff would certify.

**E.   Conclusion**

Reconsideration or certification is not proper. This Court has already addressed the issue raised in Plaintiff's motion and it is based upon controlling precedent. Thus, Plaintiff's motion for reconsideration is both improperly asserted and without merit.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for reconsideration. (Dkt. #35).

---

[1] Plaintiff's declaration from Carol M. Langford suffers from the same misconception. Further, Ms. Langford offers no authority from Arizona suggesting a contrary result to the Court's December 5, 2005, ruling.

- 4 -

1   **IT IS FURTHER ORDERED** denying Defendant Lewis & Roca's Motion to Strike
2   the declaration of Carol M. Langford as moot. (Dkt. #43).
3   DATED this 6th day of February, 2006.

_____
Mary H. Murguia
United States District Judge