JAMES M. LAGANKE, ESQ. (SB # 006913)
**JAMES M. LaGANKE, P.L.L.C.**
13236 North 7th Street, Suite 4-257
Phoenix, Arizona  85022
Telephone: (602) 279-6399
Facsimile: (602) 993-5323
Email: jameslaganke@aol.com

***ATTORNEY FOR*** PLAINTIFFS PAMELA THOMPSON, GABRIELLA THOMPSON, MATTHEW THOMPSON, MARCUS THOMPSON, MICHAEL THOMPSON AND THE THOMPSON GROUP, P.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PAMELA THOMPSON, an Individual, and as guardian of GABRIELLA THOMPSON, MATTHEW THOMPSON, MARCUS THOMPSON, MICHAEL THOMPSON; and THE THOMPSON GROUP, P.C., an Arizona professional corporation,<br><br>                                    Plaintiffs<br><br>               V.<br><br>GEORGE PAUL, and KAREN PAUL, husband and wife; TOM MORGAN, an individual; SCOTT DEWALD and DEBROAH JAMIESON, husband and wife; LEWIS & ROCA LLP, an Arizona Limited Liability Partnership; and CAPITAL DETECTIVE AGENCY, INC.,<br><br>                                    Defendants | Case No. CV-05-0990-PHX-MHM<br><br><br>**MOTION FOR RECONSIDERATION**<br><br>**CONCERNING DISMISSED**<br><br>**COUNTS FOUR AND FIVE OF THE**<br><br>**ORIGINAL COMPLAINT** |

On December 5, 2005, this Court dismissed Plaintiffs' fraud, and negligent misrepresentation, and third-party professional negligence claims against the Lewis and Roca Defendants with prejudice, reasoning that such claims were barred by *Linder v. Brown & Herrick*, 189 Ariz. 398, 943 P.2d 758 (App. 1997), and concluding that Plaintiff had no right to rely on any misrepresentations made

by those Defendants.  *See 12/5/05 Order*, **IR 33**, at pp. 3-4.  Plaintiffs have voluntarily dismissed count 6 of the original Complaint, Third-Party Professional Negligence, in their proposed Second Amended Complaint.  Several months ago, the Arizona Court of Appeals clarified its holding in *Linder*, stating that "a lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances."  *Chalpin v. Snyder*, __ Ariz. __, 2008 WL 4659438, *10 (App. Oct. 21, 2008) (quoting *Restatement (Third) Law Governing Lawyers* § 56). The Restatement expressly provides:  "**Misrepresentation is not part of proper legal assistance**; vigorous argument often is.  **Thus, lawyers are civilly liable to clients and nonclients for fraudulent misrepresentation**. . . ."  *Restatement (Third) Law Governing Lawyers* § 56 comment f (emphasis added).   Accordingly, in light of Arizona's adoption of the Restatement (Third) of the Law Governing Lawyers § 56, Plaintiffs respectfully request that this Court reconsider its ruling dismissing these two counts of the Complaint.

I.    **Background**

The underlying facts are set forth in considerable detail in Plaintiffs' First Amended Complaint and proposed Second Amended Complaint, and shall not be restated in detail here.  Lewis and Roca and its employees and agents made material misrepresentations about a publicly traded company named YP Net, Inc., and its principal, Angelo Tullo.  More specifically, in an effort to procure a settlement in litigation by Plaintiff Pamela Thompson against Tullo, Lewis & Roca specifically represented to Ms. Thompson that there were no pending criminal

investigations or proceedings against Mr. Tullo, thereby inducing her to agree to enter into a settlement agreement in which she was to receive shares of stock in the publicly traded company.  Within days of Ms. Thompson's execution of the settlement agreement, a grand jury indicted Mr. Tullo on 29 counts of racketeering, money laundering, and the like.  Lewis and Roca was not only aware of the criminal investigation against Tullo, but was affirmatively representing him during that investigation.   Not surprisingly, after the criminal charges were made public, the value of the stock received by Ms. Thompson became virtually worthless.

On April 1, 2005, Plaintiff initiated the present matter, asserting various federal securities and common law claims against the party that defrauded her, Lewis and Roca and three of its partners.   This Court dismissed Ms. Thompson's claims on December 5, 2005, including her claims for fraud and negligent misrepresentation.  With respect to these two claims, this Court held that these Defendants could only be liable for fraud and negligent misrepresentation if Ms. Thompson was an "intended beneficiary" of the attorney's services.  *12/5/05 Order*, at p. 3 (citing *Linder*).

Plaintiffs appealed this Court's order of dismissal, specifically addressing dismissal of the federal securities claim for relief.  The Ninth Circuit reversed the judgment of dismissal, and remanded for further proceedings.  *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).

Although Plaintiffs did not specifically appeal this Court's dismissal of the fraud and negligent misrepresentation claims, in the interim the Arizona Court of Appeals issued a decision directly bearing on these claims. Specifically, as noted above, in *Chalpin v. Snyder*, __ Ariz. __, 2008 WL 4659438, *10 (App. Oct. 21, 2008), the Court of Appeals adopted the *Restatement (Third) Law Governing Lawyers* § 56, which provides that "a lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances." *Id*. Accordingly, for the reasons set forth herein, Plaintiffs respectfully request that this Court reconsider its decision dismissing these two counts.

## II.   Discussion

### A.   This Court May Reconsider Its Earlier Decision Based Upon A Change Or Clarification Of The Law.

"'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir.1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790). Local Rule 7.2 similarly provides that a motion for reconsideration is proper on a "showing of new facts or legal authority that could not have been to [the court's] attention earlier with reasonable diligence." **Local Rule 7.2(g)(1)**. Here, the "legal authority" at issue is an October 21, 2008, decision of the Arizona Court of

Appeals, authority that obviously could not have been referenced in Plaintiffs' 2005 response to Defendants' motion to dismiss.

The fact that this Court has previously addressed the issue does not preclude reconsideration.  This Court's ruling is subject to the "law of the case doctrine," under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir.1998) (citation omitted).  However, the law of the case "doctrine is discretionary, not mandatory and is in no way a limit on the court's power."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir.2001).  This Court "has discretion to depart from the law of the case doctrine if . . . an intervening change in the law has occurred."  *Cuddy*, 147 F.3d at 1114; *see also United States v. Nunez*, 419 F.Supp.2d 1258, 1266 (S.D.Cal. 2005) (same). That is precisely what occurred here; as such, this Court may reconsider its holding in light of *Chalpin*.

The Ninth Circuit Court of Appeals has addressed a subsequent change in the law:

> Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) <u>if there is an intervening change in controlling law.</u>   See <u>All Hawaii Tours, Corp. v. Polynesian Cultural Ctr,</u> 116 F.R.D. 645, 648 (D. Hawaii 1987), reversed on other grounds, 855 F.2d 860 (9th Cir. 1988). [Emphasis Supplied].

In <u>Agostini v. Felton</u>, 521 U.S. 203, 117 S. Ct. 1997, 138 L.Ed. 2nd 391 (Sup. Ctr. 1997), The United States Supreme Court wrote:

> "Respondents and Justice Ginsburg urge us to adopt a different analysis because we are reviewing the District Court's denial of petitioner's Rule 60(b)(5) motion for an abuse of discretion [Citation omitted]. It is true that the trial court has discretion, but the exercise of discretion cannot be permitted to stand if we find it rests upon a legal principle that can no longer be sustained." (521 U.S. at 238).

Ironically, the Defendants in the *Chalpin* case were represented by Lewis and Roca.

The circumstances in this case dictate that the Court should grant leave for Plaintiffs to proceed with their fourth and fifth claims for relief.

**B.    *Chalpin*'s Adoption Of the Restatement (Third) Of The Law Governing Lawyers Section 56 Warrants Reconsideration Of This Court's Prior Holding.**

Relying on both *Wetherill v. Basham*, 197 Ariz. 198, 3 P.3d 1118 (App. 2000), and *Linder v. Brown & Herrick*, 189 Ariz. 398, 943 P.2d 758 (App. 1997), this Court concluded in its December 2005 order that a party can sue an opposing attorney only if the party was an "intended beneficiary" of the attorney's services. *12/5/05 Order*, at pp. 3-4. A careful reading of the facts of both of these cases demonstrates key material distinctions between the cases and the present matter, even prior to the Court of Appeals' decision in *Chalpin*. For example, in *Wetherill*, the trustee of an estate retained an attorney to challenge

the beneficiary status of one of the decedent's heirs.   When the trustee succeeded in removing the heir as a beneficiary of the estate, the beneficiary sued the trustee's counsel, claiming that he owed a fiduciary duty to her as an heir.   Recognizing the inherent conflict in such a claim, the Court of Appeals rejected the contention, holding:   "Although it clearly was foreseeable that [attorney] Wissler's representation of [trustee] Renee would adversely affect Wetherill, as the disinherited beneficiary . . . , it would have been impossible and unethical for Wissler to have represented Renee's interest -- to disinherit Wetherill -- and simultaneously to have fulfilled a duty to Wetherill."   *Wetherill*, 197 Ariz. at 209, 3 P.3d at 1129.

Likewise, in *Linder*, a dispute arose about the cancellation of an escrow, resulting in lengthy litigation.   When the defaulting party lost the litigation, they sued both their own attorneys and opposing counsel for alleged misrepresentations made during the course of the litigation.   With respect to the opposing counsel, the losing party claimed that opposing counsel had failed to respond to discovery, had made misrepresentations in responding to discovery, and made other misrepresentations in briefs and arguments to the court. Rejecting this claim, the Court of Appeals noted that "as a matter of law and common sense, they had no right to rely on statements made by the attorneys opposing them."   *Linder*, 189 Ariz. at 405, 943 P.2d at 765.   "No authority exists in Arizona for bringing a claim of fraud against an opposing attorney for statements made during litigation."   *Id*. at 406, 943 P.2d at 766.

In *Chalpin v. Snyder*, __ Ariz. __, 2008 WL 4659438 (App. 2008), the Arizona Court of Appeals explained the limits on its prior decisions in *Wetherill* and *Linder*.  Specifically, in *Chalpin*, the president of a local health food chain arranged to have his daughter's vehicle placed on the corporate liability policy.  Notably, the daughter was a director of the corporation, but was attending college in California at the time.

The daughter later caused an automobile accident, seriously injuring another young woman.  When it become apparent that resolution of this matter would cost millions of dollars, the corporate insurer retained a California attorney to challenge coverage.  The coverage lawsuit did not succeed, and the California attorney was barred from practicing law in Arizona again.

The corporate president sued the California attorney, asserting a claim of aiding and abetting tortious conduct.  Invoking *Linder*, the attorney claimed that the corporate president had no claim against him.   The Court of Appeals, however, held that *Linder* was inapplicable:

> [W]e disagree with the trial court's conclusion that Arizona law limits actions against lawyers to only two causes of action-abuse of process and malicious prosecution. The absence of published cases specifically recognizing other actions does not mean they do not exist. . . . [¶]   As we explained in *Giles* [*v. Hill Lewis Marce*, 195 Ariz. 358, 988 P.2d 143 (App. 1999)], the "policy" mentioned in some earlier cases, such as *Linder* and *Lewis* [*v. Swenson*, 126 Ariz. 561, 617 P.2d 69 (App.1980)], concerning attorney immunity from liability "**was premised upon the absolute privilege from defamation afforded participants in judicial proceedings**," rather than any broader public policy.

*Chaplin*, at ¶¶ 42-43 (emphasis added).

Rather, the Court of Appeals embraced the Restatement (Third) of the Law Governing Lawyers, section 56, which provides that "[e]xcept as provided in § 57 and in addition to liability under §§ 48-55, a lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances." *Restatement (Third) of the Law Governing Lawyers* § 56. "When a lawyer advises or assists a client in acts that subject the client to civil liability to others, those others may seek to hold the lawyer liable along with or instead of the client." *Chalpin*, at ¶ 45 (quoting *Restatement*, at cmt. c); *see also Safeway Ins. Co., v. Guerrero*, 210 Ariz. 5, 10, 106 P.3d 1020, 1025 (2005) (citing Restatement section 56, noting "the general rule that lawyers have no special privilege against civil suit").

Notably, section 56 of the Restatement (Third) of the Law Governing Lawyers expressly addresses the issue of fraud and negligent misrepresentation claims against attorneys. "Misrepresentation," the Restatement provided, "is not part of proper legal assistance; vigorous argument often is. Thus, lawyers are civilly liable to clients and nonclients for fraudulent misrepresentation, but are not liable for such conduct as using legally innocuous hyperbole or proper argument in negotiations or presenting an argument to a tribunal in litigation." *Id*. comment f.

The present case is not a matter of hyperbole, "proper" argument in negotiations, or argument in a tribunal.  The misrepresentations here involve (1) a duty of candor to the Securities and Exchange Commission, the very purpose of which is to ensure that investors have full and complete information regarding

a publicly traded company, and (2) express representations made to Plaintiff Pamela Thompson during the course of settlement negotiations.  In this regard, it bears note that settlement negotiations are not directly a part of the adversary process, but much more akin to an arms-length business transaction.  Indeed, the rules of evidence expressly preclude the admission of settlement discussions for the <u>very purpose</u> of promoting truthfulness during such discussions.  "The purpose of Rule 408 is to foster '**complete candor'** between parties, not to protect false representations."  *Hernandez v. State*, 203 Ariz. 196, 199, 52 P.3d 765, 768 (2002) (quoting 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5314, at 286 (1980)) (emphasis added).

## III.   <u>Conclusion</u>

*Linder* has been significantly limited, if not overruled,  by the Court of Appeals decision in *Chalpin*.  Accordingly, for the reasons set forth herein, Plaintiffs respectfully request that this Court reconsider its ruling dismissing Plaintiffs' fraud and negligent misrepresentation claims against Defendants Lewis and Roca and its attorneys.

**RESPECTFULLY SUBMITTED** this 23rd day March, 2009

JAMES M. LaGANKE, P.L.L.C.

/s/ James M. LaGanke

By:   _____

JAME M. LaGANKE, ESQ.
13236 North 7th Street, Suite 4257
Phoenix, AZ  85022

ORIGINAL of the foregoing
E-Mailed this 23rd day of March, 2009 to:

Paul F. Eckstein Esq.
H. Michael Clyde, Esq.
Todd R. Kerr, Esq.
PERKINS COIE BROWN & BAIN, P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Attorneys for Lewis & Roca LLP
Fax: (602)648-7122

Gregory A. Rosenthal, Esq.
ROSENTHAL LAW OFFICES
4545 East Shea Blvd., Suite 206
Phoenix, AZ  85028-3076
Attorneys for Capital Detective Agency, Inc.
Fax: (602)494-1085


/s/ James M. LaGanke

_____